**Elias DUNCAN–LOPEZ, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

**No. 04–1859–ag.**

United States Court of Appeals, Second Circuit.

Dec. 7, 2006.

ney General John Ashcroft, as the respondent in this case.

Megan L. Brackney, Kostelanetz & Fink, LLP, New York, NY, for Petitioner.

Gina Walcott–Torres, Assistant United States Attorney (Michael J. Sullivan, United States Attorney for the District of Massachusetts, on the brief), Boston, MA, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Elias Duncan–Lopez petitions for review of October 29 and December 18, 2003 orders of the Board of Immigration Appeals ("BIA"). Petitioner challenges primarily the BIA's determination that he failed to establish derivative citizenship pursuant to former section 321(a) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1432(a). He also challenges the BIA's denial of his motion to reopen and reconsider based on his derivative citizenship claim and a nationality claim. We assume the parties' familiarity with the facts and procedural history.

As the Respondent notes in its brief, the jurisdictional issue we directed the parties to address has been squarely decided by this Court's holding in *Gittens v. Menifee*, 428 F.3d 382, 385–86 (2d Cir.2005) (section 106(c) of the REAL ID Act of 2005, Pub.L. 109–13 (2005) ("the REAL ID Act") applies to habeas petitions pending in this Court on the date of the REAL ID Act's enactment). Accordingly, the petition is considered timely, and we have jurisdiction to review both the October 2003 and December 2003 orders of the BIA.

We review the December 2003 order, which denied a motion to reopen and reconsider, for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). The BIA did not abuse its discretion in finding that Petitioner had failed to demonstrate that reopening and reconsideration were warranted. The BIA's decision on the nationality claim, which was addressed on the merits in the December 2003 order, is owed substantial deference. *See Diallo v. INS*, 232

F.3d 279, 285 (2d Cir.2000). The BIA properly rejected that claim, as Petitioner cannot establish nationality by demonstrating permanent allegiance to the United States. *See Marquez–Almanzar v. INS,* 418 F.3d 210, 216–20 (2d Cir.2005).

 We review the disposition of the derivative citizenship claim in the October 2003 order with substantial deference accorded to the BIA. *See Diallo,* 232 F.3d at 285. The BIA was correct to deny the citizenship claim. Petitioner spends considerable energy in his *pro se* filings (and his filings before the BIA) attempting to demonstrate that his father had legal custody over him at the time his father naturalized. However, custody is only relevant when there has been "a legal separation" of the parents. 8 U.S.C. § 1432(a)(3) (2000) (repealed). Here, Petitioner admits that he was born out of wedlock. Accordingly, there was no "formal act which, under the laws of the state or nation having jurisdiction of the marriage, alter[ed] the marital relationship." *Brissett v. Ashcroft,* 363 F.3d 130, 134 (2d Cir.2004).

Petitioner cannot qualify for citizenship under the second clause of § 1432(a)(3) because his mother was naturalized after he reached the age of majority. *See* 8 U.S.C. § 1432(a)(4) (2000) (repealed); *Langhorne v. Ashcroft,* 377 F.3d 175, 180–81 (2d Cir.2004). Moreover, even if it could be established that his father legitimated him under that clause, he could still not derive citizenship from his father, as there was never a legal marriage or separation between his parents.

For the reasons stated above, the petition for review is hereby **DENIED.** In addition, the pending motion for a stay of removal in this petition is **DENIED** as moot.